CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
June 06, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JASON CLEM, ) | |
|     Plaintiff, ) | Case No. 7:23-cv-00487 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| ISRAEL HAMILTON, et al., ) | Chief United States District Judge |
|     Defendants. ) | |

## MEMORANDUM OPINION

Jason Clem, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA) against the Warden of Keen Mountain Correctional Center and members of the Virginia Department of Corrections (VDOC) Faith Review Committee. Clem, who has been a practicing member of the Jewish faith since 2011, claims that the defendants violated his rights under the First Amendment and RLUIPA by denying his request to possess a black fedora-style hat. Defendants Israel Hamilton, Bernard Morris, Melvin Davis, Frederick Russell, Jeffrey Snoddy, and Melissa Vandermark have moved for summary judgment on the ground that Clem failed to exhaust his administrative remedies before filing suit.[1] For the reasons set forth below, the motion for summary judgment, ECF No. 29, is **DENIED**.[2]

---

[1] Three additional defendants—Anthony White, Eric Gwaltney, and Ashgar Gorayo—have either not been served or have not filed a responsive pleading.

[2] Hamilton, Morris, Davis, Russell, Snoddy, and Vandermark filed the pending motion for summary judgment in response to the amended complaint. The motion supersedes an earlier motion for summary judgment filed by Hamilton and Morris. The earlier motion, ECF No. 13, which was filed in response to the original complaint, will be denied as moot.

## Background

Clem is incarcerated at Keen Mountain. Based on several provisions of the Talmud, Clem believes that he should wear a proper head covering at all times and that he must wear a proper head covering when praying or reciting blessings. Am. Compl. ¶¶ 15, 51, ECF No. 23. Clem also "believes that the head covering should be black to mourn the destruction of the Temple and because it is more formal and more dignified in the sight of G-d." Id. at ¶ 19. Clem alleges that wearing a black fedora or homburg hat would satisfy the tenets of his religion. Id. at ¶ 20. He believes that "a yarmulke/kippah is insufficient to meet these requirements." Id. at ¶ 21.

On June 8, 2021, Clem submitted a religious item request to Israel Hamilton, the Warden of Keen Mountain, seeking approval for an "Orthodox Jewish styled hat, such as a fedora or homburg." Id. at ¶ 25. Several months later, Hamilton recommended disapproving the request based on information indicating that a yarmulke would suffice. Id. at ¶¶ 35, 36.

Clem subsequently submitted two additional religious item requests, one for a fedora and the other for a homburg. Id. at ¶ 42. By letter dated June 8, 2023, Bernard Morris informed Clem that the Faith Review Committee had disapproved his hat requests. The letter provided the following reason for the decision: "Yarmulke/Kippa are the approved headwear for Jewish men in the VADOC." Pl.'s Resp. 1st M. Summ. J. Ex. A, ECF No. 20-1 at 14.

Clem commenced this action on August 4, 2023, by filing a complaint against Hamilton, Morris, and other individuals believed to be members of the Faith Review Committee. After Hamilton and Morris provided the correct names of the committee members, Clem filed an amended complaint on January 26, 2024.

Hamilton, Morris, Melvin Davis, Frederick Russell, Jeffrey Snoddy, and Melissa Vandermark have moved for summary judgment on the basis that Clem failed to exhaust his administrative remedies prior to filing suit, as required by the Prison Litigation Reform Act (PLRA). Clem has filed a response in opposition to the motion for summary judgment, and the motion is ripe for decision.

## Standard of Review

Under the Federal Rules of Civil Procedure, a party may move for summary judgment on a claim or defense. Fed. R. Civ. P. 56(a). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. When ruling on a motion for summary judgment, the court "must construe all facts and reasonable inferences in the light most favorable to the nonmoving party." Shaw v. Foreman, 59 F.4th 121, 129 (4th Cir. 2023).

## Discussion

The PLRA provides that "[n]o action shall be brought" in federal court by an inmate challenging prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes," Porter v. Nussle, 534 U.S. 516, 532 (2002), and that "proper exhaustion" is required, which includes "compliance with an agency's deadlines and other critical procedure rules," Woodford v. Ngo, 548 U.S. 81, 90 (2006).

Although the PLRA's exhaustion requirement is "strict," it "does not operate as an absolute bar to prison litigation in federal court." Griffin v. Bryant, 56 F.4th 328, 335 (4th Cir. 2022). Instead, "it sets forth a built-in exception, specifying that a prisoner need not exhaust

3

remedies if they are not available." Id. (internal quotation marks omitted) (citing Ross v. Blake, 578 U.S. 632, 635–36 (2016)). In other words, if "an administrative remedy, although officially on the books, is not capable of use to obtain relief," the exhaustion requirement "does not come into play." Ross, 578 U.S. at 643. The Supreme Court has identified three circumstances that satisfy this standard: (1) where the administrative remedy "operates as a simple dead end," with prison officials "unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) where the administrative scheme is "so opaque" that it is "practically . . . incapable of use" because "no ordinary prisoner can discern or navigate it"; and (3) where "prison administrators thwart inmates from taking advantage of a grievance procedure through machination, misrepresentation, or intimidation." Id. at 643–44; see also Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) ("[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it.").

### A.     The VDOC Grievance Process

VDOC Operating Procedure (OP) 866.1 sets forth the grievance process used to resolve most complaints and grievances from inmates incarcerated in VDOC facilities. Grievable issues include "[a]ctions of staff, contractual staff, volunteers, and interns" that affect an inmate personally. OP 866.1 § III(B)(1) (eff. Jan. 1, 2021, amended Apr. 1, 2023), Harr Aff. Ex. A, ECF No. 30-1.

Pursuant to OP 866.1, inmates must first attempt to resolve an issue informally before filing a regular grievance. If a verbal complaint is not resolved to the satisfaction of an inmate, the inmate may submit a written complaint. OP 866.1 § I(D). The written complaint "must be received by designated staff within 15 days of the original incident or discovery of the

incident," and the designated staff member then has 15 days to provide a response. Id. If an inmate does not receive a timely response to a written complaint or if the inmate is dissatisfied with the response, the inmate may file a regular grievance. Id.

If a regular grievance satisfies the intake criteria, "staff must accept the grievance and log it into VACORIS using the received date." OP 866.1 § III(C). When a regular grievance is accepted and logged into VACORIS, the "Facility Unit Head" or "Assistant Facility Unit Head" is responsible for providing a Level I response within 30 calendar days. OP 866.1 § III(F). If an inmate is dissatisfied with the response, the inmate may appeal to Level II, where the appeal is reviewed by the Regional Administrator or another designated official. OP 866.1 § IV(C). OP 866.1 explains that an inmate satisfies the requirements for exhausting administrative remedies when a regular grievance "has been accepted into the grievance process and appealed, without satisfactory resolution of the issue." OP 866.1 § V(B).

### B. Clem's Exhaustion Efforts

In support of the pending motion for summary judgment, the moving defendants submitted an affidavit executed by H. Harr, the grievance coordinator at Keen Mountain. In the affidavit, Harr acknowledges that Clem filed written complaints regarding his efforts to obtain a hat for religious reasons, including a written complaint challenging the Faith Review Committee's decision to disapprove his request for a black fedora-style hat. See Harr Aff. ¶¶ 10–14, ECF No. 30-1; see also Harr Aff. Ex. E, ECF No. 30-1. However, Harr asserts that "Clem did not file . . . any regular grievances regarding the denial of his religious head covering request." Harr Aff. ¶ 15. Based on this assertion, the moving defendants argue that "Clem did not exhaust his administrative remedies regarding any of the allegations in his complaint." Defs.' Mem. Supp. M Summ. J. 6, ECF No. 30 (citing Harr Aff. ¶ 15).

5

In his response in opposition to the motion for summary judgment, Clem disputes Harr's assertion that he did not file any regular grievances, and he cites to documentary evidence demonstrating that he submitted a regular grievance challenging Warden Hamilton's decision to deny his religious item request, as well as a regular grievance challenging the Faith Review Committee's decision to deny his religious item request. Specifically, on December 5, 2021, Clem signed a regular grievance asserting that his "request for an Orthodox Jewish style hat" had been denied by the Warden and that the hat "should be approved for possession in accordance with [Clem's] sincerely held religious beliefs." Regular Grievance, ECF No. 20-1 at 4. The regular grievance was stamped "Received" on December 7, 2021. Id. That same day, Institutional Ombudsman K. Breeding rejected the grievance as a "Request for Services" and noted that Clem was requesting a "disapproved religious item." Id. at 5. Similarly, on July 6, 2023, Clem signed a regular grievance challenging the validity of the Faith Review Committee's decision and asserting that "a hat that fulfills [his] religious obligation must be approved (a black fedora, homburg etc.)." Regular Grievance, ECF No. 20-1 at 11. The regular grievance was stamped "Received" by Keen Mountain's grievance office on July 7, 2023. Id. at 12. That same day, Harr rejected the grievance on the basis that it was a "Request for Services." Id. The Regional Ombudsman upheld the intake decision on July 16, 2023. Id.

The moving defendants have not submitted a reply brief or otherwise attempted to respond to the evidence submitted by Clem. The evidence contradicts Harr's assertion that Clem did not file any regular grievances regarding the denial of his head covering requests. The evidence also appears to indicate either that the VDOC's grievance process was not actually "available" to challenge the decisions at issue in this case, 42 U.S.C. § 1997e(a), or that Clem's regular grievances were improperly rejected at intake, rendering the grievance process

6

unavailable to him. See, e.g., Tory v. Davis, No. 21-6649, 2022 U.S. App. LEXIS 34657, 2022 WL 17716775, at *2 (4th Cir. Dec. 15, 2022) (explaining that administrative remedies may have been unavailable to an inmate if VDOC employees "rendered it impossible for [the inmate] to exhaust his administrative remedies" by "incorrectly reject[ing]" his grievances); Allen v. Shelton, No. 7:22-cv-00408, 2023 U.S. Dist. LEXIS 175536, 2023 WL 6389807, at *12 (W.D. Va. Sept. 29, 2023) ("If the grievance department rejects a grievance for plainly incorrect (and indeed irrational) reasons, the administrative process was not available to the inmate 'through no fault of his own.'") (quoting Moore, 517 F.3d at 725). Consequently, the court concludes that the moving defendants are not entitled to summary judgment on their exhaustion defense.

## Conclusion

For the reasons stated, the motion for summary judgment filed by defendants Hamilton, Morris, Davis, Russell, Snoddy, and Vandermark, ECF No. 29, is **DENIED**. These defendants shall have 30 days to file any motion for summary judgment addressing the merits of Clem's claims under the First Amendment and RLUIPA. An appropriate order will be entered.

Entered: June 6, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.06.06 10:53:20
-04'00'

Michael F. Urbanski
Chief United States District Judge